# EXHIBIT 1

**Exhibit 1**

**Harris County Docket Sheet**

# 2021-49840

**COURT:**    295th

**FILED DATE:**    8/12/2021

**CASE TYPE:**    Premises



---

### TAFT, TIERRA

Attorney: HADI, HUSEIN

### vs.

### TARGET CORPORATION

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 2

**Exhibit 2**

 **CT Corporation**

**Service of Process Transmittal**
08/17/2021
CT Log Number 540093951

TO: Sue Carlson
Target Corporation
1000 NICOLLET MALL
MINNEAPOLIS, MN 55403-2542

RE: **Process Served in Texas**

FOR: Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TIERRA TAFT, PLTF. vs. TARGET CORPORATION, DFT. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 202149840 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/17/2021 at 02:50 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/17/2021, Expected Purge Date: 08/22/2021<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / EM



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Tue, Aug 17, 2021

**Server Name:**        David Valfer

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | 202149840 |
| Jurisdiction | TX |



CAUSE NO. 202149840

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 904182  TRACKING NO: 73901492
EML

| | |
|---|---|
| Plaintiff: | In The 295th |
| TAFT, TIERRA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| TARGET CORPORATION | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To:   TARGET CORPORATION MAY BE SERVED WITH SERVICE OF PROCESS BY SERVING THE REGISTERED AGENT OF THE CORPORATION**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

This instrument was filed on August 12, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on August 12, 2021, under my hand and seal of said court.

Issued at the request of:

HADI, HUSEIN
7100 REGENCY SQUARE BLVD, STE 140
HOUSTON, TX  77036
832-433-7977
Bar Number: 24067641

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:PATRICIA JONES

NO. _____

| | | |
|---|---|---|
| **TIERRA TAFT** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **TARGET CORPORATION** | § | |
| **Defendant.** | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITON AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** TIERRA TAFT, hereinafter called Plaintiff, complains of and about

TARGET CORPORATION, hereinafter called Defendant, and for cause of action show unto the

Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure Plaintiff intends that

discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2.      Plaintiff, TIERRA TAFT, is an individual who resides in Houston, Texas 77095.

3.      Defendant TARGET CORPORATION, a corporation doing business in Texas,

and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas

Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas

Business Organizations Code, by serving the registered agent of the corporation, CT Corporation

System at 1999 Bryan Street, Suite 900, Dallas Texas 75201, its registered office. Service of said

Defendant as described above can be effected by personal delivery.

1

## JURISDICTION AND VENUE

4.    The subject matter in controversy is within the jurisdictional limits of this court.

5.    This court has jurisdiction over the parties because Defendant is a company that conducts business and has a registered agent in Texas.

6.    Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7.    On or about August 14, 2019, Plaintiff was working at TARGET CORPORATION, located at 12701 Farm to Market 1960 Road West, Houston, TX 77065. While the Plaintiff was walking, she slipped and fell on her knee. At the time of the incident the store was managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant, TARGET CORPORATION. As a result of the accident, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals.

## LIABILITY OF DEFENDANT TARGET CORPORATION

8.    At the time and on the occasion in question, Defendant TARGET CORPORATION, managed, maintained, occupied, controlled, leased, operated, and/or owned the Target store located at 12701 Farm to Market 1960 Road West, Houston, TX 77065. In setting up and maintaining the store, Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

A.    In failing to monitor the condition of the floor in the store;

2

B.     In failing to promptly clean the floor;

C.     In failing to properly train its employees;

D.     In failing to warn others that a dangerous condition existed; and

E.     In creating a hazard to others.

9.     Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

10.    Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## PREMISES LIABILTY

11.    Plaintiff TIERRA TAFT was working on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk or harm to the general public, including Plaintiff, TIERRA TAFT, but failed to inspect and make safe or adequately warn her of the condition.

12.    In the alternative, Plaintiff would show that she was a licensee on the premises in question managed, maintained, occupied, controlled, leased, operated, and/or owned by Defendant. Defendant knew of an unreasonable dangerous condition existing on the floor, which posed an unreasonable risk of harm to the general public, including Plaintiff TIERRA TAFT, but failed to make safe or adequately warn her of the condition. Plaintiff was without knowledge of the dangerous condition of the premises prior to the incident in question.

3

## PROXIMATE CAUSE

13.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF TIERRA TAFT

14.     As a direct and proximate result of the occurrence made the basis of this lawsuit and Defendant's acts as described herein, Plaintiff TIERRA TAFT was caused to suffer personal injuries and to endure anxiety, pain, and illness resulting in damages more fully set forth below:

    a.  The physical pain and mental anguish sustained from the date of incident to the time of verdict herein;

    b.  The physical pain and mental anguish which, in reasonable medical probability, will be suffered after the date of verdict herein;

    c.  The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies from the date of the incident to the time of verdict herein;

    d.  The reasonable and necessary costs of medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies, which, in reasonable probability will be incurred in the future after the date of verdict herein;

    e.  Physical impairment which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

    f.  The physical impairment which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

    g.  Physical disfigurement which has been sustained, resulting in lessened use and/or movement of various parts of Plaintiff's body from the date of the incident to the date of verdict herein; and

4

     h. The physical disfigurement which, in reasonable probability, will be sustained to various parts of Plaintiff's body, resulting in lessened use and/or movement of same in the future after the date of verdict herein.

    15.    By reason of the above, Plaintiff, TIERRA TAFT has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRESERVING EVIDENCE

    16.    Plaintiff hereby requests and demand that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, and evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## NOTICE OF USE

    17.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

    18.    Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seek monetary relief

over $250,000.00 but less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## REQUEST FOR DISCLOSURES

19.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, the information and material described in Rule 194.2 within thirty (30) days of after the filing of the first answer or general appearance, the information and material described in Rule 194.2.

## DESIGNATED E-SERVICE EMAIL ADDRESS

20.     The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

21.     Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition. Plaintiff request that each corporate Defendant provide dates that Defendant's corporate representative is available for Plaintiff to take Defendant's corporate representative's deposition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, TIERRA TAFT, respectfully

prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____

Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
Seve Thomas
Texas Bar No. 24115145
Ariana Mehdipour
Texas Bar No. 24123765
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax:  (855) 423-4529
litigation@thchadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: August 12, 2021**

7

# EXHIBIT 3

**Exhibit 3**

**AFFIDAVIT ATTACHED**

8/19/2021 12:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56465864
By: Daisy Puente
Filed: 8/19/2021 12:44 PM

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202149840

RECEIPT NO: 904182  TRACKING NO: 73901492
EML

| | |
|---|---|
| Plaintiff: | In The 295th |
| TAFT, TIERRA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| TARGET CORPORATION | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    TARGET CORPORATION MAY BE SERVED WITH SERVICE OF PROCESS BY SERVING THE
REGISTERED AGENT OF THE CORPORATION
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

This instrument was filed on August 12, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on August 12, 2021, under my hand and seal of said court.

Issued at the request of:

HADI, HUSEIN
7100 REGENCY SQUARE BLVD, STE 140
HOUSTON, TX  77036
832-433-7977
Bar Number: 24067641

*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:PATRICIA JONES

**AFFIDAVIT ATTACHED**

**Officer or Authorized return**

Came to hand on the  17th day of August A.D., 2021, at 8:00 o'clock.
A.M.  and executed by delivering **Target Corporation through** registered agent CT
Corporation System accepted by Kirk Atkins on the 17th day of August A. D.  2021,
at  12:04 o'clock   A.M.,  the within named defendant, in person, a true copy of this
Citation, together with a copy of original petition with date of service marked thereon, at the
following location,    1999 Bryan Street, Suite 900 Dallas Texas 75201

Citation:   202149840
Plaintiff's Original Petition and Request for Disclosure

Witness Fee: _____
For mileage _____
For Notary_____

_____ **PSC 4688 expires 2/28/2022.**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is;    July 2, 1960_____ and my address is; 1801 Vassar Drive Richardson Texas 75081
                                                              Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

**Dave Valfer**

| | |
|---|---|
| **From:** | CLS-SOPDALTEAM@WOLTERSKLUWER.COM |
| **Sent:** | Tuesday, August 17, 2021 12:05 PM |
| **To:** | premierprocess@swbell.net |
| **Subject:** | Intake Portal - Job #96264 has been received |

Hello David Valfer,

We confirm receipt of the following documents via the Intake Portal on the date, time and location indicated below.

**Date:** Tue, Aug 17, 2021
**Time:** 12:04 PM
**Name:** David Valfer
**Juris Served:** TX
**Job ID:** 96264

TARGET CORPORATION                C T CORPORATION SYSTEM                202149840

You can also view the status of jobs you at
*https://intake.ctcorporation.com/*

Thank you
Intake Specialist: Kirk Atkins
CT Corporation, a Wolters Kluwer Company

# EXHIBIT 4

**Exhibit 4**

9/9/2021 10:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57082813
By: DAVIA FORD
Filed: 9/9/2021 10:40 AM

CAUSE NO. 202149840

| | | |
|---|---|---|
| TIERRA TAFT, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | 295TH JUDICIAL DISTRICT |
| | § | |
| TARGET CORPORATION, | § | |
|     Defendant. | § | HARRIS COUNTY, TEXAS |

## TARGET CORPORATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant TARGET CORPORATION, and files this, its Original Answer to Plaintiff's Original Petition and any supplements and/or amendments thereto, and shows the Court as follows:

**I.**

**GENERAL DENIAL**

1. Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and any amendment or supplement thereto, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**II.**

**DEFENSES AND LIMITATIONS ON LIABILITY AND DAMAGES**

2. Defendant denies Plaintiff's claims that they were negligent and further denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3. Defendant denies that it or any Defendant employee was engaged in contemporaneous negligent activity at the time of the incident in question.

4.      Defendant claims that Plaintiff may have failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her injuries and damages, if any.  Such acts or omissions of Plaintiff, if any, were the sole proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant claims that Plaintiff's damages or injuries, if any, may have been caused by the acts or omissions of third persons not under the control of Defendant.  If so, such acts or omissions of said third persons, if any, were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

6.      Defendant contends that it is not liable to Plaintiff because she was doing the same character of work that she had always done and that other employees in other stores were required to do, and the work involved was not unusual, inherently dangerous, or unusually hazardous.

7.      Defendant asserts that it owed Plaintiff no duty to warn, train, or provide additional equipment or employees because the task she was performing did not require special training or tools and the risks associated with it are commonly known and/or appreciated by Plaintiff.

8.      Defendant asserts that it had neither actual nor constructive prior knowledge of the condition about which Plaintiff complains and that in any event, the alleged hazard was not "unreasonably dangerous."

9.      In the alternative, Defendant further claims that the allegedly unreasonable premises condition, if any, was open and obvious, already appreciated by Plaintiff, a commonly

known hazard, or was a known risk. Accordingly, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect her from same. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).

10.     In the alternative, Defendant would show that the accident complained of was an unavoidable accident as that term is known in law, not caused by the negligence of any party.

11.     Defendant states that Plaintiff's damages complained of, if any, may have been the result of prior or pre-existing injuries, accidents, or conditions, and said prior or pre-existing injuries, accidents, or conditions were the sole and/or a contributing cause of the Plaintiff's damages alleged against Defendant.

12.     Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her injuries in order to continue treatment and/or inflate damages, and, in that event, Defendant contends that said treatment is not medically necessary or reasonable.

13.     Defendant contends that any claims for past and future medical or health care expenses incurred are limited to the customary and usual amounts charged for reasonable and necessary medical care and, as regards past medical expenses, are further limited to the amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

14.     Defendant would further show that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by the Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

15.     In the unlikely event an adverse judgment is rendered against it in this matter, Defendant respectfully prays for contribution, indemnity and all available credits and/or offsets as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

16.     Defendant is further entitled to a credit or offset against any judgment that may be rendered against it for any and all amounts paid to or on behalf of Plaintiff under any of Defendant's benefit or insurance programs, including, but not limited to, the Target Corporation Texas Occupational Injury Benefit Plan.

17.     Defendant further contends that it is entitled to have the factfinder allocate responsibility, if any, among all parties, including settling parties and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

**III.**
**REQUEST FOR COURT REPORTER**

18.     Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**IV.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Target Corporation respectfully prays that Plaintiff take nothing by this cause of action, that it be permitted to recover the costs expended on its behalf, and for such other and further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ Donna C. Peavler

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**Peavler | Briscoe**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on September 9, 2021.

/s/ Donna C. Peavler

**Donna C. Peavler**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Donna Peavler on behalf of Donna Peavler
Bar No. 783887
dpeavler@peavlerbriscoe.com
Envelope ID: 57082813
Status as of 9/9/2021 11:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Donna Peavler | | dpeavler@peavlerbriscoe.com | 9/9/2021 10:40:13 AM | SENT |
| Janie Karrington | | jkarrington@peavlerbriscoe.com | 9/9/2021 10:40:13 AM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 9/9/2021 10:40:13 AM | SENT |
| Sara KimbroughScudday | | SScudday@peavlerbriscoe.com | 9/9/2021 10:40:13 AM | SENT |
| Husein Hadi | 24067641 | Litigation@thehadilawfirm.com | 9/9/2021 10:40:13 AM | SENT |

# EXHIBIT 5

Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIERRA TAFT | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-2946 |
| | § | |
| TARGET CORPORATION | § | |
| Defendant. | § | |

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff Tierra Taft**

**Husein Hadi**
State Bar No. 24067641
**Jamil Thomas**
State Bar No. 24066914
**Carnegie H. Mims, III**
State Bar No. 24046448
**Sedrick Stagg**
State Bar No. 24102815
**Seve Thomas**
State Bar No. 24115145
**Ariana Mehdipour**
State Bar No. 24123765
litigation@thehadilawfirm.com
**The Hadi Law Firm, PLLC**
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
(832) 433-7977 (telephone)
(855) 423-4529 (facsimile)

**Counsel for Defendant Target Corporation**

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

-1-