United States District Court
Southern District of Texas
**ENTERED**
July 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIERRA TAFT, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-02946 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| TARGET CORPORATION, | § | |
| Defendant. | § | |

OPINION AND ORDER ON
DESIGNATION OF RESPONSIBLE THIRD PARTY

Plaintiff Tierra Taft alleges that she was working at a Target store in Houston when she slipped and fell on a "wet spot on the floor." Dkts 1-2 at 8 & 23 at 2. She brought this action against Defendant Target Corporation in Texas state court in August 2021. Dkt 1-2 at 7–13 (complaint). Target removed the action here. Dkt 1.

Target moves to designate Prestige Maintenance USA as a responsible third-party pursuant to Section 33.004 of the Texas Civil Practice and Remedies Code. Dkt 20. Target asserts that it hired Prestige as an independent contractor to provide general housekeeping services at the subject store. It contends that Prestige "mopped the floor and/or shampooed the carpet at or near the location where Plaintiff fell, thus creating the hazard that caused Plaintiff to fall." Id at 4.

Taft objects to the designation. She argues that the motion isn't timely, and that Target pleaded insufficient facts regarding Prestige's alleged negligence to satisfy the necessary state-law pleading requirement. Dkt 23.

*As to timeliness,* Section 33.004(a) provides that a defendant must move to designate a responsible third party "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." Target clearly met this deadline. See Dkt 8 (scheduling order).

Taft invokes the *Erie* doctrine, contending that the sixty-day requirement of Section 33.004(a) is procedural, not substantive, and so doesn't apply to this federal diversity action. Dkt 23 at 5. She contends that timeliness should instead be measured by the scheduling order issued pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Ibid. And she asserts that the relevant deadline is that established for the amendment of pleadings. As that date passed in January 2022, Taft argues that Target must now show "good cause" to amend the scheduling order before its motion may be granted. Ibid, citing FRCP 16(b)(4).

Federal courts in Texas haven't settled the question of whether the sixty-day requirement of Section 33.004(a) is procedural or substantive. For example, compare *Crompton Greaves Ltd v Shippers Stevedoring Co*, 2011 WL 5920930, *2 (SD Tex) (finding sixty-day requirement to be procedural), with *Argent Holdings LLC v East El Paso Physicians Medical Center LLC*, 2018 WL 1915085, *4 (WD Tex) (finding sixty-day requirement to be substantive). Even so, the distinction isn't particularly pertinent here. Though Taft cites several cases applying various scheduling order deadlines, she doesn't cite a single case that applied a scheduling order's deadline to amend pleadings. See Dkt 23 at 5–6, citing *Crompton Greaves*, 2011 WL 5920930 at *2 (applying pretrial motions deadline); *Al-Khawaldeh v Tackett*, 2021 WL 5986053, *4 (WD Tex) (applying dispositive motions deadline); *Fira v Chesapeake Operating LLC*, 2020 WL 7629074, *2 (WD Tex) (applying dispositive motions deadline to motion to

strike responsible third-party designation). And Target here made its designation well in advance of the deadlines used in those cases.

More importantly, designation of a responsible third-party is plainly *not* tantamount to the amendment of an answer or subject to an amended-pleadings deadline. It's instead a separate and temporally distinct act that occurs well after an answer has been filed—and indeed, envisioned under Texas law to occur in relative proximity to trial, rather than the outset of the pleadings. See Tex Civil Practice & Remedies Code § 33.004(a).

In sum, the January 2022 deadline to amend pleadings doesn't bar the motion by Target to designate Prestige as a responsible third party. The motion doesn't otherwise appear untimely under either Section 33.004(a) or any relevant deadline imposed by the scheduling order.

*As to sufficiency of the allegations,* Section 33.004(g)(1) states:

> If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.

Rule 47(a) of the referenced Texas rules requires that a pleading contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Under this standard, a defendant designating a responsible third party quite plainly "does not need to provide evidentiary support, but only make notice pleading allegations demonstrating the putative party's responsibility for the claimant's damages." *Gonzalez v Reed-Joseph International Co*, 2013 WL 12139384, *1 (SD Tex). And just as plainly, Target meets this standard. It asserts that

Prestige had "recently mopped the floor where Plaintiff fell" or "left moisture in the carpet, which then seeped out onto the floor." Dkt 20 at 3; see also Dkt 20-1 at 5 (interrogatory No 2) & id at 14–15 (accident report). And it argues that Prestige acted negligently when it failed to ensure the floor was dry prior to the store opening and neglected to adequately warn Taft of the hazard. See Dkt 20 at 8–10.

Taft isn't precluded from later disputing these allegations via motion to strike the responsible third-party designation. See Tex Civil Practice & Remedies Code § 33.004(l). But Target at this stage has asserted sufficient facts to so designate Prestige under Section 33.004. See *Gonzales*, 2013 WL 12139384 at \*2; *In re Greyhound Lines Inc*, 2014 WL 1022329, \*3 (Tex App—Dallas 2014, no pet).

The motion by Target Corporation for leave to designate Prestige Maintenance USA as a responsible third party is GRANTED. Dkt 20.

SO ORDERED.

Signed on July 25, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge