United States District Court
Southern District of Texas
**ENTERED**
March 22, 2024
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| TIERRA TAFT, | § | Civil Action No |
| Plaintiff, | § | 4:21-cv-02946 |
| | § | |
| | § | |
| vs. | § | Judge Charles Eskridge |
| | § | |
| | § | |
| TARGET CORPORATION, | § | |
| Defendant. | § | |

## Order

The motion by Defendant Target Corporation to exclude certain evidence is granted. Dkt 48.

Plaintiff Tierra Taft sued Defendant Target Corporation in state court to recover damages for personal injury after she slipped and fell while working in a Target store. Dkt 52 at ¶8. Defendant removed here. Dkt 1.

Taft provided her first amended and supplemental initial disclosures on July 16, 2022, alleging actual damages of $37,413.76. Dkt 48-1. Discovery then closed on October 4, 2022. See Dkt 8 (scheduling and docket control order).

On March 1, 2023—one day before the parties were scheduled to mediate—Taft provided what purports to be her second amended and supplemental disclosures, alleging actual damages of $48,863.00. Dkt 48-2. Five days later, Taft provided her third amended and supplemental disclosures, increasing her alleged actual damages to $100,767.27. Dkt 48-3.

Taft received her last medical treatment on October 20, 2022. Dkt 50 at 7. Her first amended and supplemental disclosures specified expenses invoiced between August 15, 2019, and January 21, 2020. Dkt 48-1 at 7. Her second

amended and supplemental disclosures specified expenses invoiced between January 29, 2022, and May 27, 2022. Dkt 48-2 at 9. Her third amended and supplemental disclosures specified expenses invoiced between November 19, 2021, and October 20, 2022. Dkt 48-3 at 10.

Pending is a motion by Target to exclude evidence of medical care and costs from the second and third amended and supplemental disclosures. Dkt 48.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FRCP 26(e).

If a party fails to provide timely supplemental disclosures under Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." FRCP 37(c)(1). Notably, once the party seeking enforcement under Rule 37 shows that the opposing party failed to timely disclose, "Rule 37(c)(1) implicitly places the burden on the party facing sanctions to prove harmlessness or substantial justification." *Mission Toxicology v United-Healthcare Insurance Company*, 499 F Supp 3d 338, 344 (WD Tex 2020) (cleaned up); accord *Bresler v Wilmington Trust Co*, 855 F3d 178, 190 (4th Cir 2017); see also *CQ, Inc v TXU Mining Co, LP*, 565 F3d 268, 280 (5th Cir 2009) (finding no abuse of discretion where district court excluded evidence and nonmoving party "ha[d] not offered any justification for its failure to disclose").

The parties here agree that the second and third amended and supplemental disclosures by Taft weren't timely. See Dkt 50 at 4–5, 7. The question, then, is whether Taft has shown that her failure to disclose was either justifiable or harmless. The Fifth Circuit considers four factors in that respect, being (i) the importance of the evidence, (ii) the prejudice to the opposing party of including the evidence, (iii) the possibility of curing such prejudice by granting a continuance, and (iv) the explanation for the party's failure to disclose. *CQ, Inc*, 565 F3d at 280.

*First,* the evidence is no doubt important, at least in the sense that it purports to document aspects of Plaintiff's medical treatment that would constitute nearly sixty percent of her alleged actual damages. Dkt 50 at 6.

*Second,* the prejudice to Target if the evidence were included at this late stage is apparent to the same extent and for the same reasons. Discovery is long since closed. And Target conducted the whole of it without opportunity to inquire into and test these late-disclosed medical bills.

*Third,* continuance won't cure this prejudice in meaningful respect. This case has been pending for nearly two and a half years. The subject expenses were disclosed five months *after* the close of discovery. Motion practice is concluded, and the case is ready for trial. See Dkt 64 (order on motion for summary judgment). Continuance at this stage would intolerably increase costs on both parties.

*Fourth,* and of considerable weight, Taft provides no good explanation for the failures of disclosure. Notably, as to her first amended and supplemental disclosures, Taft disclosed the names of most treating physicians for whom she seeks to recover payment, including Drs Miguell Pappolla, N. Imam, Lindsey Fowler Dragos, Santiago Guajardo, Kyi Kim, Al Sparrow, Djamchid Lotfi, Blanche Khan, and Edward Lee. Dkt 48-1. But she provides no explanation as to why bills from those physicians weren't disclosed prior to March 2023. And in her third amended and supplemental disclosures she seeks to recover additional payment for treatment by Drs Phong Le and

Patrick Garcia, along with PA-C Sarah Skrove and NP Kimberly Molitor (all of whom practice at Minivasive Pain & Orthopedics), along with treatment at Townsen Memorial Surgery Center. None of these were even mentioned in previous disclosures.

Taft contends that she received the medical bills disclosed in her second and third amended and supplemental disclosures on February 28th and March 2nd of 2023 and promptly disclosed them on March 1st and 6th, respectively. Dkt 50 at 2–3. While that may be when *her counsel* first received them, the submitted documents in no way establish that these medical bills were first received *by Taft* on those dates. See Dkts 50-1, 50-2, 50-3, 50-4, 50-5, 50-6, 50-7 & 50-8. To the contrary, as but one example, Taft's Exhibit 8 shows medical bills created on March 9th and October 14th of 2022, with no explanation as to why they weren't disclosed to Target for over a year. Dkt 50-8 at 3, 5. Other exhibits show only that she received treatment from November of 2021 through October of 2022, without any explanation as to why bills for such treatment weren't received by Plaintiff and disclosed until February and March of 2023. Dkts 50-4, 50-5, 50-6 & 50-7. The other exhibits are likewise unexplained, showing only that *counsel* for Plaintiff received copies of the bills on those late dates, with no indication of when counsel or Plaintiff were first aware of them. For example, see Dkt 50-1, 50-2, 50-3.

The burden in this respect is on the party failing to make timely disclosure. *Mission Toxicology*, 499 F Supp at 344; *CQ, Inc*, 565 F3d at 280. On the present record, Taft hasn't established that her failure to timely disclose the documents included in the second and third amended and supplemental disclosures was justifiable or harmless.

The motion by Defendant Target Corporation to exclude evidence is GRANTED. Dkt 48.

The documents subject to the second and third amended and supplemental disclosures are thus EXCLUDED under Rule 37(c)(1).

The parties are ordered to confer and jointly file by April 5, 2024, a proposed schedule setting deadlines for pretrial motions and docket call.

So ORDERED.

Signed on March 22, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge